IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDUARDO BOCANEGRA-ACEVEDO,

   Plaintiff

    v.

TOYOTA MOTOR SALES USA, INC.,
et al.,

   Defendants

CIVIL NO. 07-1893 (JP)

## <u>OPINION AND ORDER</u>

  Before the Court is Defendant Toyota Motor Corporation, Inc.'s ("TMC") motion to dismiss the complaint (No. 43), and Plaintiff Eduardo Bocanegra-Acevedo's ("Bocanegra") opposition thereto (No. 51). Also before the Court are TMC's reply brief (No. 58), and Plaintiff's sur-reply (No. 61). Plaintiff filed this action pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, sections 5141-5142, for personal injuries he sustained in a car accident when the airbag restraint system of his motor vehicle, a Toyota Highlander, failed to inflate during the crash.

  Defendant TMC moves the Court for dismissal of the claims against it, arguing that the complaint is time-barred. For the reasons stated herein, Defendant's motion to dismiss (**No. 43**) is hereby **DENIED**.

CIVIL NO. 07-1893 (JP)          -2-

**I.   <u>FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND</u>**

On September 26, 2006, at approximately 3:00 p.m., Defendant Francisco Zavala-Rodríguez[1] ("Zavala") was driving a 1998 Daewoo Nubira in an eastbound direction on Luis Muñoz Rivera Avenue, San Juan, Puerto Rico. Simultaneously, Plaintiff was driving a 2001 Toyota Highlander (the "Highlander") in the same direction as Zavala's vehicle. At the entrance of the Luis Muñoz Rivera National Park, Zavala's vehicle suddenly invaded Plaintiff's driving lane, while trying to turn left in order to enter the park. Zavala's vehicle hit Plaintiff's Highlander, causing the Highlander to crash its front end into a parked vehicle and a concrete barrier of the national park.

Plaintiff's Highlander was equipped with a Supplemental Restraint System ("SRS"), which includes driver and passenger airbags. Plaintiff alleges that the SRS malfunctioned at the time of the accident, thereby causing Plaintiff to suffer serious physical injuries to his head, face and body. Specifically, Plaintiff alleges that the driver-side front airbag failed to inflate, allowing Plaintiff to hit his jaw, head and face against the steering wheel of the Highlander. Plaintiff was taken to the Puerto Rico Medical Center, where he underwent an operation to implant titanium plates

---

1.    Although Plaintiff refers to Zavala as a Defendant, Plaintiff does not list him as such in the caption. Further, Plaintiff has not filed proof of service as to Zavala, and Zavala has not answered the complaint.

CIVIL NO. 07-1893 (JP)          -3-

in his face.  Plaintiff allegedly continues to receive treatment for injuries to his face.

In his amended complaint, Plaintiff alleges that Defendant TMC and/or Defendant Toyota Motor Sales, Inc. ("TMS") had a legal duty to design, manufacture, and sell the Highlander and its components so it would provide a reasonable degree of protection to its users during foreseeable collisions occurring in the real world environment of its expected use.  Plaintiff alleges that TMS and/or TMC are strictly liable to Plaintiff due to the negligently installed SRS in the Highlander.  Plaintiff further alleges that Defendant Zavala is liable for negligent driving.

On April 28, 2008, Defendant TMS moved for summary judgment (No. 21), arguing that it could not be held strictly liable for the alleged injuries suffered by Plaintiff because it was not involved in the distribution chain of the Highlander in Puerto Rico.  The Court granted Plaintiff's motion for summary judgment (No. 37), and dismissed with prejudice the complaint against Defendant TMS.  After the dismissal of TMS on June 25, 2008, the only remaining named Defendant in this action is TMC.

## II.  <u>LEGAL STANDARD FOR A MOTION TO DISMISS</u>

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Bell Atl. Corp.</u>

CIVIL NO. 07-1893 (JP)            -4-

v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable.  Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."   Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969.  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff."   Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

III. **ANALYSIS**

    Defendant TMC argues that Plaintiff's claim is time-barred because, *inter alia*, Plaintiff failed to allege lack of sufficient knowledge within the limitations period as to the identity of TMC as the manufacturer and distributor of the Highlander in Puerto Rico. Because this action's jurisdictional basis in federal court is diversity of citizenship of the parties, Puerto Rico substantive law applies.  Hanna v. Plumer, 380 U.S. 460, 467 (1965); see also Lama v. Borrás, 16 F.3d 473, 477-78 (1st Cir. 1994).  Puerto Rico has a

CIVIL NO. 07-1893 (JP)          -5-

one-year statute of limitations period governing tort actions.
P.R. Laws Ann. tit. 31, § 5298 (1990); see Torres v. Superintendent
of the Police of Puerto Rico, 893 F.2d 404 (1st Cir. 1990).  The
statute of limitations begins to run when the injured party knew or
should have known of the injury and of the likely identity of the
responsible individual(s).  P.R. Laws Ann. tit. 31, §§ 5141, 5298(2).
The statute of limitations may be interrupted in one of three ways:
(1) by the institution of an action before the courts, (2) by
extrajudicial claim of the creditor, or (3) by any act of
acknowledgment of the debt by the debtor.  P.R. Laws Ann. tit. 31,
§ 5303.

     The United States Court of Appeals for the First Circuit has
held that "it is unfair, by and large, to bar a tort action by the
mere passage of time if a plaintiff, exercising due diligence, cannot
ascertain the tortfeasor's identity."  Fragoso v. López,
991 F.2d 878, 886 (1st Cir. 1993) (applying Puerto Rico law).  The
crucial inquiry under the knowledge requirement is whether the
plaintiff knew or "with the degree of diligence required by law"
would have known whom to sue.  Id. (quoting Kaiser v. Armstrong World
Indus., Inc., 872 F.2d 512, 516 (1st Cir. 1989)).  If the ignorance
of a fact is due to a plaintiff's negligent investigation, then the
statute of limitations clock continues to tick.  Id. (citing Santiago
Hodge v. Parke Davis & Co., 833 F.2d 6, 8 (1st Cir. 1987)).  Under

CIVIL NO. 07-1893 (JP)              -6-

Puerto Rico law, if a plaintiff brings an action outside the statute
of limitations period, he bears the burden of proving that he lacked
the requisite knowledge at the relevant times.  Santiago Hodge,
833 F.2d at 7.

    The relevant dates in this lawsuit are as follows: (1) the car
accident giving rise to this lawsuit occurred on September 26, 2006;
(2) Plaintiff filed his original complaint on September 25, 2007;
(3) TMS was served with process on February 15, 2008; (4) Plaintiff
moved for leave to amend the complaint to add Defendant TMC on
April 30, 2008; and (5) Defendant TMC was formally served with
process in Japan under the Hague Convention on September 25, 2008.
Accordingly, Defendant TMC's motion to dismiss is premised on the
fact that it was not added as a party to this lawsuit until over one
year and seven months after Plaintiff's accident took place.

    In its opposition brief, Plaintiff claims that on September 18,
2007, Toyota de Puerto Rico Corp. ("TPR"), through its employee
Manuel Garcia ("Garcia"), informed Plaintiff that TMS was the Toyota
entity which distributed the Highlander to the Puerto Rico market,
and that TMS was the proper entity to sue for defective airbags.  TPR
further provided Plaintiff with the address for service of summons
upon TMS.  Plaintiff relied on this information and served TMS within
the period of time granted by the Court.

CIVIL NO. 07-1893 (JP)              -7-

Upon information provided by TMS in its answer to the complaint and its motion for summary judgment, Plaintiff realized that TMS was not the proper Defendant, and subsequently moved to include TMC on April 30, 2008. Relying on TMS's statements that it was not involved with the manufacture or distribution of Highlander vehicles in Puerto Rico, Plaintiff filed a notice of dismissal of its claims against TMS on May 19, 2008.[2]  Although Defendant TMC asserts that Plaintiff could have ascertained TMC's identity by verifying the Vehicle Identification Number on the Highlander itself, Plaintiff alleges that there are at least sixty corporations registered with the Puerto Rico Department of State that include "Toyota" as part of their corporate name, and therefore it reasonably relied on the statement of Garcia in the formulation of its original complaint.

The Court therefore finds, taking the facts in the light most favorable to Plaintiff at this stage of the litigation, that Plaintiff has met his burden of showing that his failure to name TMC within the one-year limitations period was not due to his negligence or lack of diligent investigation.  Rather, Plaintiff reasonably relied on a representation made by a TPR employee.  Accordingly, the Court denies Defendant TMC's motion to dismiss the complaint on time-bar grounds.

---

2.    Plaintiff's notice of voluntary dismissal was *without* prejudice. As stated above, TMS moved for summary judgment on the issue of liability and sought dismissal of the claims against it *with* prejudice.  The Court granted TMS' motion on June 25, 2008, and dismissed the claims against TMS with prejudice.

CIVIL NO. 07-1893 (JP)            -8-

**IV.   <u>CONCLUSION</u>**

In conclusion, the Court denies Defendant's motion to dismiss.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of April, 2009.


                                        s/Jaime Pieras, Jr.
                                       JAIME PIERAS, JR.
                                 U.S. SENIOR DISTRICT JUDGE